**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THYREEA STINNETT** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **ATLANTIC CITY SHOWBOAT, INC.** | : | **NO.  07-4743** |
| **Defendant.** | : | |

## ORDER AND MEMORANDUM

## ORDER

     **AND NOW**, this 25th day of April 2008, upon consideration of defendant's Motion to Dismiss Plaintiff's Complaint (Document No. 2, filed 11/19/07); Plaintiff's Answer to Defendant's Motion to Dismiss Plaintiff's Complaint (Document No. 6, filed 12/12/07); and defendant's Surreply to Plaintiff's Response to its Motion to Dismiss (Document No. 9, filed 12/18/07), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED IN PART** and **GRANTED IN PART**, as follows:

     (1)  That part of the Motion that seeks dismissal is **DENIED**; and

     (2) That part of the Motion that seeks transfer of the case to the United States District Court for the District of New Jersey is **GRANTED**.  The action shall be **TRANSFERRED** to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631.

## MEMORANDUM

## I.  INTRODUCTION

     Plaintiff, Thyreea Stinnett, a resident of Pennsylvania, filed a negligence action against defendant Atlantic City Showboat, Inc., a New Jersey hotel and casino, on October 23, 2007, in

the Court of Common Pleas of Philadelphia County.  In the Complaint, plaintiff alleged that she

was injured on defendant's premises on or about November 18, 2006, when she slipped and fell

"by reason of water and other foreign debris on the floor" of a restroom.

On November 9, 2007, defendant removed the case to this Court.  Defendant then filed a

Motion to Dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil

Procedure 12(b)(2) or, in the alternative, to transfer the case to the United States District Court

for the District of New Jersey.  For the reasons set forth below, the Court denies that part of the

motion seeking dismissal and grants the motion to transfer the case to the District of New Jersey.

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(2), the Court accepts the plaintiff's

allegations as true and resolves all doubts in plaintiff's favor.  Pinker v. Roche Holdings Ltd.,

292 F.3d 361, 368 (3d Cir.2002).  However, the plaintiff bears the burden of showing that

personal jurisdiction exists and may not rest solely on the pleadings to satisfy that burden. See

North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990).  Rather, the

plaintiff must present sworn affidavits or other evidence that demonstrates a *prima facie* case for

the exercise of personal jurisdiction.  Id.; see also Mellon Bank (East) PSFS, Nat. Ass'n v.

Farino, 960 F.2d 1217, 1223 (3d Cir.1992) (plaintiff meets burden by "establishing with

reasonable particularity sufficient contacts between the defendant and the forum state.").

Where a court finds "a want of jurisdiction, the court shall, if it is in the interest of justice,

transfer such action or appeal to any other such court in which the action or appeal could have

been brought at the time it was filed."  28 U.S.C. § 1631.

2

## III.  DISCUSSION

### A.  Motion to Dismiss for Lack of Personal Jurisdiction

#### I.  Legal Framework

Personal jurisdiction can be either general or specific.  See Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007).  General jurisdiction is predicated on a defendant's "continuous and systematic" contacts with the forum state, Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984), and may exist "even if the plaintiff's cause of action arises from the defendant's non-forum related activities."  Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2000).  See also Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd., 64 F. Supp. 2d 448, 450 (E.D. Pa. 1999) ("[G]eneral jurisdiction is premised on a defendant's relationship with the forum rather than on particular contacts with the plaintiff.").  "To obtain general jurisdiction over a corporation in Pennsylvania, the corporation must either (1) be incorporated in Pennsylvania or licensed as a foreign corporation in the Commonwealth, (2) consent to jurisdiction, or (3) carry on a 'continuous and systematic part of its general business' within the Commonwealth."  Endless Pools, Inc. v. Wave Tec Pools, Inc., 362 F. Supp. 2d 578, 582 (E.D. Pa. 2005) (citing 42 Pa. Cons. Stat. § 5301 (a)(2)(2004)).

In this case, plaintiff alleges that defendant is subject to the Court's jurisdiction on the basis of its contacts with the state.  (Pl.'s Answer to Def.'s Mot. to Dismiss 1).  In determining whether to exercise general jurisdiction on this ground, courts consider whether a defendant's activities in the state are a "continuous and central part" of the defendant's business.  Provident Nat'l Bank, 819 F.2d at 438.  For example, courts look to "the nature and quality of business contacts the defendant has initiated with the forum, direct sales in the forum, maintenance of a

3

sales force in the state, [and] advertising targeted at the residents of the forum state . . . ."  See

Driscoll v. Matt Blatt Auto Sales, 1996 WL 156366, at *3-4 (E.D. Pa. Apr. 3, 1996) (internal

quotations and citation omitted).  The threshold to establish general jurisdiction is high and the

"facts required to assert . . . [it] must be extensive and persuasive."  Reliance Steel Prods. Co. v.

Watson, Ess, Marshall & Engass, 675 F.2d 587, 589 (3d Cir. 1982) (internal citations and

quotations omitted); see also Provident Nat'l Bank, 819 F.2d at 437 ("[P]laintiff must show

significantly more than mere minimum contacts to establish general jurisdiction.").

      "Specific jurisdiction is far narrower [than general jurisdiction] . . . .  It arises when the

claim is related to or arises out of the defendant's contacts with the forum."  MoneyGram

Payment Systems, Inc. v. Consorcio Oriental, S.A., 65 Fed. Appx. 844, 849 (3d Cir. 2003)

(internal quotations and citations omitted); Driscoll, 1996 WL 156366, at *2 (for purposes of

specific jurisdiction, "cause of action must arise out of the defendant's activities within the

Commonwealth.").  In Pennsylvania, courts may exercise specific jurisdiction over non-residents

"to the fullest extent allowed under the Constitution of the United States and [such jurisdiction]

may be based on the most minimum contact with [the] Commonwealth allowed under the

Constitution of the United States."  42 Pa. Cons. Stat. Ann. § 5322(b); see also Mellon Bank, 960

F.2d at 1221 (statute "permits the courts of [the] state to exercise personal jurisdiction over

nonresident defendants to the constitutional limits of the due process clause of the fourteenth

amendment.").  In Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), the Supreme Court

held that due process requires only that nonresident defendants have "certain minimum contacts

with [the forum state] such that the maintenance of the suit does not offend traditional notions of

fair play and substantial justice."  A defendant may not be "haled into a jurisdiction solely as a

result of random, fortuitous, or attenuated contacts."  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal quotations and citations omitted).  Rather, "the defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir.2007), the Third Circuit laid out a three-part test for determining whether specific jurisdiction exists.  First, the defendant must have "purposefully directed [its] activities" at the forum.  Burger King, 471 U.S. at 472; see also id. at 475 ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").  Second, the litigation must "arise out of or relate to" at least one of those activities.  Helicopteros, 466 U.S. at 414; Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994) (act[s] in relevant forum must be "substantially related" to claim being adjudicated).  And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  Burger King, 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320).

In this case, plaintiff asserts generally that the Court has personal jurisdiction over defendant but does not distinguish between the two types of jurisdiction.  Nonetheless, the Court discusses each type of jurisdiction separately.

## ii.  General Jurisdiction

Plaintiff avers that this Court has personal jurisdiction over defendant because defendant

5

"regularly conducts business in Philadelphia through extensive advertising" and "target[s] residents of Philadelphia via radio, television, billboards, newspapers and [the] internet."  (Pl.'s Answer to Def.'s Mot. to Dismiss 1-2.)  Plaintiff further alleges that defendant "regularly contracts with various bus lines and other means of transportation to pick up patrons within the city of Philadelphia to transport them to defendant casino . . . ."  (Pl.'s Answer to Def.'s Mot. to Dismiss 2.)  In support of these allegations, plaintiff presented the following evidence: (1) a credit report allegedly showing that plaintiff is a subsidiary of Harrah's Entertainment (Ex. B); (2) print-outs from www.harrahs.com showing contact and other information for Showboat Atlantic City, including an address, phone numbers and directions from Philadelphia (Ex. C);[1] (3) a list of bus companies, also taken from www.harrahs.com, that service Showboat Atlantic City, including bus companies traveling to Showboat from Philadelphia (Ex. D); (4) two orders from the Court of Common Pleas of Philadelphia County in unrelated cases denying defendants' preliminary objections and allowing the cases to proceed in that court (Exs. E and F); (5) a list of fifteen cases in which defendant was a party which purportedly were filed in Philadelphia (Ex. G); and (6) an opinion of the Court of Common Pleas of Philadelphia County upholding a lower court's exercise of personal jurisdiction (Ex. H).  Taking all of the evidence into account, the Court concludes that plaintiff has not met the "heavy requirements for general jurisdiction." Feldman v. Bally's Park Place, Inc., 2006 WL 1582331, at *4 (E.D. Pa. June 5, 2006).

---

[1]  Among the print-outs from the Harrah's web site were print-outs of web pages describing gaming, dining, and other entertainment options at Showboat Atlantic City.  In addition, Exhibit C includes listings from the web site www.philly.com.  The listings include information about "Showboat Casino Hotel" as well as many other hotels, casinos, and entertainment venues in New Jersey.  Significantly, there is no evidence that these listings are paid advertisements and plaintiff has not made any such allegation.

6

Notwithstanding plaintiff's allegations that defendant has engaged in "extensive advertising" and "target[ing]" of Philadelphia residents "via radio, television, billboards, and newspapers . . .,"  (Pl.'s Answer to Def.'s Mot. to Dismiss 1-2), plaintiff has presented no evidence of any such advertising in those media.  The only evidence of advertising in this state comes from the web site print-outs attached in plaintiff's Exhibits C and D.  In reviewing this evidence, the Court finds that it does not suffice to establish general jurisdiction.

One of the "leading case[s] regarding personal jurisdiction based on a website is Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997), in which the district court established a sliding scale test, with personal jurisdiction found to be appropriate if a website was 'interactive' but not if the website was 'passive.'"  Pierce v. Hayward Industries, Inc., 2006 WL 3242274, at *5 (E.D. Pa. 2006); see also Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003) (discussing Zippo).  Reviewing the "cases and materials" available at the time, the Zippo court explained that the "likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet."  Id., 952 F. Supp. at 1123-24.  In cases post-dating Zippo, courts have also considered whether a defendant's website is targeted specifically to Pennsylvanians, and whether the website is central to the defendant's business in Pennsylvania.  See McCague v. Trilogy Corp., 2007 WL 839921, at *3 (E.D. Pa. Mar. 15, 2007); Snyder v. Dolphin Encounters, Ltd., 235 F. Supp. 2d 433, 440-41 (E.D. Pa. 2002) (citing Molnlycke Health Care, 64 F. Supp. 2d at 452).

In this case, there is evidence, albeit scant evidence, that the web site www.harrahs.com allows some interactivity.  Exhibit C includes a web page entitled "Reservations at Showboat

Atlantic City Hotel & Casino." That page appears to allow visitors to make hotel reservations – from wherever they may live – and "sign-up" for electronic mail. (See Ex. C.) However, this feature of the website cannot alone subject defendant to general jurisdiction; plaintiff must also show that the website is targeted specifically to Pennsylvanians and is central to defendant's business in Pennsylvania. See McCague, 2007 WL 839921, at *5; Snyder, 235 F. Supp. 2d at 440-41; cf. Provident Nat'l Bank, 819 F.2d at 437 (defendant's activities in Pennsylvania must constitute a "continuous and central part" of defendant's business). The evidence on these points is far from extensive and persuasive.

While plaintiff has provided web pages showing directions to defendant hotel and casino from Philadelphia, and information for Pennsylvania bus lines traveling to the hotel and casino, the website provides similar information relating to other states in the region, including New Jersey, New York, Delaware, and Maryland. (See Ex. D.) Moreover, the fact that a visitor to defendant's web site, including Pennsylvania residents, may make a reservation on the web site does not establish that the site specifically targets Pennsylvanians. In fact, courts have rejected claims of personal jurisdiction on this very basis. See McCague, 2007 WL 839921, at *5 (rejecting argument that general jurisdiction over defendant was proper on the basis of defendant's website, which allowed visitors from any state to make reservations, because doing so "would extend general jurisdiction over [defendant] to every state"). Finally, plaintiff has not provided any evidence establishing the centrality of the website to defendant's business. Under these circumstances, the Court concludes that the print-outs from the website www.harrahs.com

cannot serve as a basis for the exercise of general jurisdiction.[2]

The only other contact with Pennsylvania alleged by plaintiff is defendant's alleged transportation contracts with local bus companies.  As noted above, plaintiff submitted a list of bus companies in Pennsylvania that service defendant's hotel and casino in support of this allegation.  However, a list of bus companies that provide service from Pennsylvania to defendant's hotel and casino, even if it is taken from defendant's website, is simply not evidence that defendant "regularly contracts with various bus lines and other means of transportation to pick up patrons within the city of Philadelphia to transport them to defendant casino."  (Pl.'s Answer to Def.'s Mot. to Dismiss 2.)  Cf. Lean v. Atlantic City Showboat, Inc., 2007 WL 1545288, at *4 (E.D. Pa. May 25, 2007) (newspaper references to subsidized bus rides from Pennsylvania to defendant casino in New Jersey are not evidence that defendant contracted with bus companies in Pennsylvania).

As to the state court orders pertaining to unrelated cases (Exs. E and F), the compilation of state court cases naming Atlantic City Showboat, Inc., as a party (Ex. G), and the unrelated opinion from the Court of Common Pleas of Philadelphia County (Ex. H), the Court finds that these exhibits do not assist plaintiff in satisfying her burden in this case.

Based on all of the evidence, the Court concludes that plaintiff has failed to show that defendant has engaged in "continuous and systematic" contacts with the Commonwealth, Helicopteros, 466 U.S. at 416, or to establish that defendant's activities in Pennsylvania

---

[2]  To the extent that the listings in www.philly.com can be considered advertising - and, as noted above, there is no evidence that the listings are paid advertisements - the Court notes that "in this judicial district courts have consistently held that advertisements and solicitations . . . are not, by themselves, substantial enough to meet the high standard for the exercise of general jurisdiction."  Feldman, 2006 WL 1582331, at *3.

constitute a "continuous and central part" of defendant's business, <u>Provident Nat'l Bank</u>, 819 F.2d at 437.  None of the evidence demonstrates that defendant has personnel or facilities in Pennsylvania, <u>see</u> <u>BP Chemicals Ltd. v. Formosa Chemical and Fibre Corp.</u>, 229 F.3d 254, 262 (3d Cir. 2000), and the evidence relating to defendant's alleged "extensive advertising" in this state is neither extensive nor persuasive.  <u>Reliance Steel</u>, 675 F.2d at 587.

The Court notes that it has received no evidence that defendant is incorporated in Pennsylvania, or that it has consented to jurisdiction in this forum.  Although plaintiff states that defendant is a subsidiary of Harrah's Entertainment, Inc., and attaches in Exhibit C information regarding Harrah's Chester Casino & Racetrack in Chester, Pennsylvania, she does not argue that defendant is subject to jurisdiction in Pennsylvania on that basis.  At most, plaintiff implies as much by stating that "it is denied that there is lack of personal jurisdiction over defendant, a subsidiary of Harrah's Entertainment, Inc."  (Pl.'s Answer to Def.'s Mot. to Dismiss 2.) However, "in order to impute the jurisdictional contacts of Harrah's Chester operations" to defendant, plaintiff "must present prima facie evidence to overcome the general rule that mere ownership of a subsidiary does not subject the parent corporation to personal jurisdiction in the state of the subsidiary."  <u>Blackwell v. Marina Assocs., d/b/a Harrah's Casino Hotel Atlantic City</u>, 2006 WL 573793, at *5 (E.D.Pa. Mar. 9, 2006); <u>see also</u> <u>Potts v. Harrah's Atlantic City Hotel & Casino</u>, 2007 WL 1866750, at *3 (E.D. Pa. June 28, 2007) ("prima facie evidence must be presented to overcome the presumption of corporate separateness") (footnote omitted).  Plaintiff has presented no evidence to overcome this presumption.

For all the foregoing reasons, the Court declines to exercise general jurisdiction over defendant.

### iii. Specific Jurisdiction

Turning now to specific jurisdiction, the Court holds that the exercise of specific jurisdiction is also improper in this case.

The first step in determining whether specific jurisdiction exists is to determine whether the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum." O'Connor, 496 F.3d at 317 (quotations and citation omitted).  Put another way, specific jurisdiction requires "deliberate targeting of the forum."  Id.  As discussed above, plaintiff has presented no evidence that defendant "deliberately target[ed]" this state through advertising or any other means.  However, even if defendant specifically targeted Pennsylvania through the Harrah's website, plaintiff's claim does not "arise out of or relate to" that contact with the forum.

The Third Circuit has stated that specific jurisdiction requires a close and direct relationship between a plaintiff's claim and a defendant's contacts with the forum state.  See id. at 323.[3]  In O'Connor, the Third Circuit found that such a relationship existed where the plaintiff alleged that he traveled to the defendant hotel in Barbados, where he was injured, "as a result" of the defendant's mail and telephone solicitations in Pennsylvania.  Id. at 319, 323.  The O'Connor court held that plaintiff's tort claim against defendant "[arose] out of or relate[d] to" defendant's "Pennsylvania contacts."  Id. at 324.  In this case, plaintiff has made no allegation that she conducted any transaction over the

---

[3]  The Third Circuit avoids "categorical determinations" or "definitive approach[es]" to the relatedness requirement for specific jurisdiction - that is, the requirement that a claim "arise out of or relate to" a defendant's activities in a forum.  See O'Connor, 496 F.3d at 320.  Instead, district courts are advised to ensure the existence of "some minimal link between contacts and claims" by beginning their analysis "with but-for causation."  Id. at 322.  However, a court's analysis does not end there.  "[S]pecific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test."  Id. at 323.  "[T]he jurisdictional exposure that results from a contact [must be] closely tailored to that contact's accompanying substantive obligations."  Id.

Harrah's web site or that she was encouraged to visit defendant's hotel and casino because of the web site.  Thus, there is no close and direct relationship – in fact, there is no relationship – between plaintiff's claim and defendant's Internet contacts with Pennsylvania.  In other words, plaintiff's claim did not "arise out of or relate to" defendant's web-based activities in this state.  <u>Cf.</u> <u>Feldman</u>, 2006 WL 1582331, at *5.  Therefore, the Court does not have specific jurisdiction over defendant.

### B.  Motion to Transfer

Although the Court lacks personal jurisdiction over defendant, the Court chooses not to dismiss the case but, instead, will transfer the case to the District of New Jersey under 28 U.S.C. § 1631 in the interest of justice.  <u>See</u>  <u>Feldman</u>, 2006 WL 1582331, at *6.  Jurisdiction and venue are proper in New Jersey because defendant has its principal place of business there, and the events leading to plaintiff's personal injury suit occurred there.  <u>See</u> N.J. Court Rule 4:4-4; 28 U.S.C. § 1391; <u>Feldman</u>, 2006 WL 1582331, at *6; <u>see also</u> <u>Ferro v. Atlantic City Showboat</u>, 2007 WL 4275506, at *4 (E.D. Pa. Dec. 3, 2007).  Transferring the case will also serve the courts' "interests in judicial economy . . . by obviating the need for plaintiff to refile [her] claim in New Jersey."  <u>Blackwell</u>, 2006 WL 573793, at *7.

## IV.  CONCLUSION

For the reasons stated above, the Court concludes that it lacks personal jurisdiction over defendant in this matter.  However, rather than dismiss the case, the Court will transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1631.

<b>BY THE COURT:</b>

<b>/s/ Honorable Jan E. DuBois</b>

<b>JAN E. DUBOIS, J.</b>